ALEXIS GALINDO (State Bar No. 136643)
CURD GALINDO & SMITH LLP
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone: (562) 624-1177
Facsimile:   (562) 624-1178

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
SANTA ANA

2010 DEC 14   PM 3: 16

BY:

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

BRIAN LAMAR LOVE,

    Plaintiff,

vs.

CITY OF BUENA PARK, a public entity,
POLICE OFFICER R. PLUMLEE,
Individually, POLICE OFFICER T.
REYES, LT. S. HOLLIDAY Individually,
POLICE OFFICER S. LEPE,
Individually, and DOES 1 through 10,
Jointly and Severally,

    Defendants.

No:  **SACV10 -1897 DOC (RNBx)**

Hon.

**COMPLAINT FOR DAMAGES,
DECLARATORY, AND INJUNCTIVE
RELIEF, AND DEMAND FOR JURY
TRIAL**

## VENUE AND JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, and Fourth, Fifth and Fourteenth

Amendments of the United States Constitution. Jurisdiction is founded on 29 U.S.C. §§1331 and

1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

COMPLAINT AND JURY DEMAND            1

1   2. Venue is proper in the Central District of California-Southern Division. The injury occurred in

2   the City of Buena Park, County of Orange, California.

3

4                                              II.

5                                           PARTIES

6

7   3. At all times relevant hereto, Plaintiff BRIAN LAMAR LOVE was a resident of the County of

8   Los Angeles, California. PLAINTIFF is African-American.

9

10   4. At all times mentioned herein, defendant CITY OF BUENA PARK was a public entity duly

11   organized and existing under and by virtue of the laws of the state of California.

12

13   5. At all times relevant herein, defendant OFFICERS R. PLUMLEE #752, T. REYES #741,  S.

14   LEPE #775, LT. S. HOLLIDAY, and DOES 1 through 3, (hereafter "POLICE OFFICER

15   DEFENDANTS") were residents of the County of BUENA PARK, and were police officers,

16   sergeants, detectives, and/or civilian employees, agents and representatives of the City of BUENA

17   PARK Police Department and employees, agents and representatives of the City of BUENA PARK.

18   At all times relevant hereto, said defendants were acting within the course and scope of their

19   employment as officers, sergeants, captains and chiefs of police, policy makers, and/or civilian

20   employees of the BUENA PARK Police Department, a department and subdivision of defendant

21   City of BUENA PARK. At all times relevant herein, said defendants were acting under color of

22

23   law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and

24   usages of defendant CITY OF BUENA PARK, its police department and/or the State of California.

25

26   6. At all times relevant herein, defendant LT. HOLLIDAY, DOES 4 through 5, (hereafter

27   "SUPERVISING OFFICER DEFENDANTS") were residents of the County of BUENA PARK,

28

COMPLAINT AND JURY DEMAND                                                                        2

and were police officers, sergeants, detectives, captains, lieutenants, chiefs of police, and/or civilian employees, agents and representatives of the City of BUENA PARK Police Department and employees, agents and representatives of the City of BUENA PARK. At all times relevant hereto, said defendants were acting within the course and scope of their employment as officers, sergeants, captains and chiefs of police, policy makers, and/or civilian employees of the BUENA PARK Police Department, a department and subdivision of defendant City of BUENA PARK. At all times relevant herein, said defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant CITY OF BUENA PARK, its police department and/or the State of California.

7. At all times relevant herein Defendant DOES 6-10 are those persons within the BUENA PARK POLICE DEPARTMENT and the City of BUENA PARK charged with the implementation of the "Board of Rights" ("BOR") procedures, all of whom are sued in both their personal and official capacity. Under the rules and regulations of the BUENA PARK POLICE and the City of BUENA PARK, DOES 6-10 set the Board of Rights policies and procedures knowing, or willfully ignoring, that this procedure constitutes nothing more than an opportunity for BUENA PARK POLICE officers deemed guilty of misconduct by the department to appeal to a favorable arbitration body that will exonerate them despite overwhelming evidence of guilt. Furthermore, these defendants instituted, or allowed, and continue to allow, to exist, policies and procedures that punished BUENA PARK POLICE officers for coming forward regarding allegations of corruption while at the same time covering the corruption within the ranks of the BUENA PARK POLICE by exonerating those officers accused of misconduct no matter the strength of the evidence of their guilt. Through their actions and inactions, these defendants adopted, ratified, and institutionalized

1  patterns and practices of misconduct as those officers coming before them knew that they would be

2  exonerated no matter what their misconduct and the strength of the evidence against them.

3

4  8. PLAINTIFF is ignorant of the true names and a capacity of defendants sued herein as DOE

5  defendants 1 through 10, inclusive, and therefore sues these defendants by such fictitious names.

6  PLAINTIFF will amend this complaint to allege their true names and capacities when ascertained.

7  PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named

8  defendants is responsible in some manner for the occurrences herein alleged, and that PLAINTIFF's

9  injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously

10  named defendants.

11

12  9. At all times relevant hereto, POLICE OFFICER DEFENDANTS employed organized unlawful

13  and illegal customs and practices of excessive force and illegal searches and seizures, false arrests

14  which lacked probable cause, falsification of evidence, filing of false police reports in violation of

15  P.C. §118.1, committing perjury in carrying out their mandate. Said misconduct was encouraged,

16  tolerated and condoned by SUPERVISORY OFFICER DEFENDANTS.

17

18

19  10. At all times relevant herein, SUPERVISORY OFFICER DEFENDANTS were supervisors

20  and/or policy makers for the City of BUENA PARK and the BUENA PARK POLICE, and/or

21  agents with both apparent and actual authority for the City of BUENA PARK and the BUENA

22  PARK POLICE. These Defendants instituted, and knowingly and intentionally assured the

23  continued existence of procedures employed by the BUENA PARK POLICE that served no purpose

24  but to put a seal of approval on acts of misconduct employed by officers within the ranks of the

25  BUENA PARK Police Department.

26

27

28

COMPLAINT AND JURY DEMAND

4

11. At all times relevant herein, POLICE OFFICER DEFENDANTS were acting within the course and scope of their employment as police officers and employees of the CITY OF BUENA PARK, which is liable in respondeat superior for said employees state-law torts pursuant to <u>section 815.2 of the California Government Code</u>.

III.

FACTS COMMON TO ALL COUNTS/CAUSES OF ACTION

12. On November 18, 2010, after a jury trial Plaintiff was found not guilty on five of six counts for resisting arrest and battery on an officer, one count was a hung which was later dismissed.  The trial was before Honorable Richard Stanford, Jr, Judge of the Superior Court of the State of California for the County of Orange.

13. PLAINTIFF was originally arrested by POLICE OFFICER DEFENDANTS on October 23, 2009; said defendants were at all times relevant hereto BUENA PARK police officers.

14. On October 22, 2009, PLAINTIFF Brian Lamar Love and his girlfriend (Derica Johnson) attended the Halloween Haunt at Knott's Berry Farm to celebrate Halloween.  PLAINTIFF and Derica Johnson paid full price for their admission tickets, passed through a metal detector and entered the park.  It was a beautiful night for the young couple at Knott's Scary Farm until they got in line for the Ghost Rider Roller Coaster.  They patiently waited for an hour and a half in line until PLAINTIFF needed to use the restroom.  PLAINTIFF left to use the restroom and Derica Johnson remained in line to save their spot.  When PLAINTIFF returned to the line, the couple was approached by Knott's Berry Farm's security who accused both of them of cutting in line.

15. They knew they did not cut in line and other patrons in the Ghostrider Roller Coaster Line confirmed they had been waiting in line.  However, Knott's Berry Farm security still requested that they be "kicked out of the park" and no refund for the purchase price of the tickets were offered nor were they offered "free passes" to come back another day.  Knott's Berry Farm security summoned the Buena Park Police Department to escort the young couple off the Park premises.

16.  Buena Park Police Officers arrived and spoke with the couple.  Sgt Lovchik was able to confirm with other patrons in the Ghostrider Roller Line that the couple did not "line jumped", but informed them that it was out of his hands as Knott's Berry Farm security still wanted them to be "kicked out" of the park.

17. Derica Johnson was upset and furious of being kicked out of the park based on false allegations after they had paid good money like everyone else and had waited 1 ½ hours in line.  She started to scream and yell at the Police Officers and security that "this is not fair, not right, we didn't cut in line, we paid good money like everyone else and we waited in line for 1 ½ hours."  PLAINTIFF was humiliated and embarrassed but he remained calm.  PLAINTIFF told Derica several times to stop yelling and be quiet and he tried to calm her down. The couple was then escorted out of the park from the Ghostrider Roller Coaster Ride.  During the walk out of the park, Derica was still upset and continued to yell and scream profanities.  PLAINTIFF was calm and disappointed but did not resist the Officers commands.  PLAINTIFF purposely walked slowly as he exited the park so as to create space between the Officers/Security and Derica who was walking ahead of everyone. PLAINTIFF didn't want Derica to be close to the Police Officers and Security as she may "piss them off" with her profanities and get arrested.  PLAINTIFF was constantly pushed by Sgt Lovchik and other Officers from behind to guide him on his way.  PLAINTIFF responded: "don't push me" or "please don't touch me".  He never got upset at Sgt Lovchik or any Police Officers or Knott's

COMPLAINT AND JURY DEMAND                                                                                6

Berry Farm Security, and he showed them respect by remaining calm, not yelling or screaming, and did not use any profanity. They exited the park, crossed "Grand Avenue" and were approaching the pedestrian tunnel that leads into the parking lot.  At that very moment, there were at least eight (8) Buena Park uniform Police Officers walking with and around PLAINTIFF, including Lt. HOLLIDAY, the Incident Commander.  There were two (2)  motorcycle officers on Grand Avenue observing, and approximately eight (8) Knott's Berry Farm security officers walking with the Buena Park Police Officers.  Derica had started to walk into the pedestrian tunnel to go to their car.  With approximately eleven (11) Police Officers around and eight (8) security officers, PLAINTIFF turned around to demonstrate that he had "no hard feelings" for Sgt. Lovchik.  PLAINTIFF reached out his right hand to shake hands with Sgt. Lovchik and said "when I came, when I came, we showed respect right?"  PLAINTIFF shook Sgt. Lovchik's hand and gave him a "manly hug" by pulling him in close and giving Sgt. Lovchik two pats on the back with his other (left) hand while at the same time saying "all right peace".  Sgt. Lovchik pushed PLAINTIFF away and PLAINTIFF let go and started to walk towards the pedestrian tunnel.  Some of the surrounding Police Officers on foot started to laugh about the "manly hug".

18. OFFICER PLUMLEE who was on a mounted police horse immediately rode up with his three (3) foot wooden saber in his right hand; he maneuvered his huge horse to pin PLAINTIFF against the chain link fence and then struck PLAINTIFF with the wooden saber at least two times on PLAINTIFF's left shoulder and back.  PLAINTIFF immediately put his hands over his head to protect himself from the repeated blows of the wooden saber.  It was misty that night and the surface was slippery, it was on a slope where PLAINTIFF and the police horse collided.  OFFICER PLUMLEE's horse lost its footing and fell to the ground.  Other Officers, including OFFICER REYES immediately jumped on PLAINTIFF and he was tackled from behind down onto the ground. One Officer after another started to repeatedly assault and batter PLAINTIFF.  OFFICER REYES had his knee on the back of PLAINTIFF's neck, and another officer was applying pressure on his back to keep him pinned face down on the cold and wet ground .  While this assault and

1   battery was going on, OFFICER LEPE took out his taser and tased PLAINTIFF approximately 4 –5

2   times at intervals of 5 seconds each.  OFFICER LEPE was also ordered by OFFICER REYES to

3   continue tasing PLAINTIFF. OFFICER REYES grabbed PLAINTIFF's testicles and squeezed them

4   wherein PLAINTIFF screamed out "Come on man, stop grabbing my nuts". After the PLAINTIFF

5   was beaten and severely tased, the POLICE OFFICER DEFENDANTS handcuffed PLAINTIFF

6   and placed him under arrest for Assault on the Peace Officer, Resisting Arrest or Performance of a

7   Peace Officer and Harassing/Hindering a Police Animal.

8   19. Despite Plaintiff's well-established Constitutional right to all exculpatory evidence, including

9   evidence impeaching any government witness, these officers failed to turn over to the prosecution

10   and Plaintiff's criminal defense team the fact that they engaged in the use of excessive force and

11   falsified reports to justify said use of excessive on the October 22, 2009, date mentioned above.

12

13   20. PLAINTIFF continues to suffer from the injuries proximately caused by his wrongful, false, and

14   malicious arrest, detention, prosecution, shock, fear, apprehension, nervousness, anxiety, and

15   depression.

16

17   21. As provided in _Heck v. Humphrey, 512 U.S. 477, 486-487, 117 S. Ct. 2354 (1994)_ and _Cabrera_

18   _v. City of Huntington Park, 159 F.3d 374 (9th Cir, 1998),_ PLAINTIFF's claims for false arrest,

19   malicious prosecution and false imprisonment did not accrue until his conviction was overturned on

20   the above indicated date.

21

22   22. With respect to the state law claims that are presented herein, Plaintiff timely filed his tort

23   claims with the City of BUENA PARK.  The claim was rejected on June 29, 2010.

24

25   23. Defendant City of BUENA PARK is liable in respondeat superior for the state law claims

26   presented herein pursuant to section 815.2 of the California Government Code for the acts of its

27

28

COMPLAINT AND JURY DEMAND                                                                                    8

1  employees named herein who at all times alleged herein was acting in the course and scope of their

2  employment with said public entity.

3

4  IV.

5  *FIRST COUNT/CAUSE OF ACTION*

6  VIOLATION OF PLAINTIFF'S PROCEDURAL AND SUBSTANTIVE DUE PROCESS RIGHTS

7  THROUGH MALICIOUS PROSECUTION/FALSE IMPRISONMENT

8  [As to POLICE OFFICER DEFENDANTS]

9

10  24. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every

11  paragraph above as though fully set forth herein.

12

13  25. This action is brought pursuant to <u>42 U.S.C. §1983</u> and the Fourteenth Amendment of the

14  United States Constitution for violation of PLAINTIFF's procedural and substantive due process

15  rights and the violation thereof resulting from the malicious prosecution by the defendants named

16  herein and resulting false arrest.

17

18  26. As delineated above, PLAINTIFF was wrongfully arrested without probable cause, and was

19  charged with multiple felonies based upon the false charges, statements, police reports, evidence,

20  and testimony presented by POLICE OFFICER DEFENDANTS.

21

22  27. Said defendants, in violation of <u>Penal Code section 118.1</u> filed materially false police reports,

23  made materially false statements to investigators and prosecutors that PLAINTIFF had failed to

24  obey commands by Officer Plumlee and false statements that PLAINTIFF pulled Officer Plumlee's

25  horse down to the ground.  Officers REYES, PLUMLEE and LT. HOLLIDAY presented falsified

26

27

28

COMPLAINT AND JURY DEMAND

evidence, all for the purpose of having PLAINTIFF wrongfully, unjustly and falsely charged with crimes, and to ensure that PLAINTIFF would be falsely and wrongfully prosecuted.

28. At no time did said defendants have probable cause to arrest and charge PLAINTIFF for any crime or to recommend that he be prosecuted. Notwithstanding this, with malice and conscious disregard for his rights to due process, said defendants presented the above false evidence and recommended that PLAINTIFF be charged and prosecuted and thereafter meaningfully participated in his prosecution by falsely testifying to ensure his wrongful conviction and wrongful imprisonment.

29. As a result of the above-described acts and misconduct, PLAINTIFF was wrongfully and unjustly charged of the violations indicated above, and thereafter was found not guilty by a jury.

30. As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFF was made to lose his freedom and liberty for the period stated above this in violation of the Fourteenth Amendment's procedural and substantive due process guarantees. During said attack by Officer Plumlee PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

31. The aforementioned acts of said defendants was willful, wanton, malicious and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to these defendants.

//

V.

*SECOND COUNT/CAUSE OF ACTION*

VIOLATION OF PLAINTIFF'S SUBSTANTIVE DUE PROCESS RIGHTS THROUGH

KNOWING AND MALICIOUS SUPPRESSION OF EXCULPATORY AND IMPEACHING

EVIDENCE UNDER

[As to POLICE OFFICER DEFENDANTS]

32. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

33. This action is brought pursuant to 42 U.S.C. §1983 and the Fifth & Fourteenth Amendments of the United States Constitution for violation of PLAINTIFF's substantive due process rights resulting from the knowing and malicious suppression of exculpatory evidence by the defendants named herein and the resulting wrongful arrest.

34. PLAINTIFF was wrongfully arrested without probable cause, and was charged and prosecuted for multiple felonies based upon the false charges, false statements, police reports, evidence and testimony presented by POLICE OFFICER DEFENDANTS.

35. Despite Plaintiff's well-established Constitutional right to all exculpatory evidence, including evidence impeaching any government witness, these officers failed to turn over to the prosecution and Plaintiff's criminal defense team the fact that they engaged in the use of excessive force and falsified reports to justify said use of excessive on the October 29, 2009, date mentioned above.

36. As of November 15, 2009, The People of the State of California were prosecuting PLAINTIFF for the charges related hereto.

COMPLAINT AND JURY DEMAND

37. As a result of the above-described acts and misconduct, PLAINTIFF was wrongfully and unjustly arrested, charged and prosecuted.

38. As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFF was made to lose his freedom and liberty for the period stated above this in violation of the Fifth Amendment's substantive due process guarantees. During said incarceration PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

39. The aforementioned acts of said defendants was willful, wanton, malicious and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to these defendants.

VI.

*THIRD COUNT/CAUSE OF ACTION*

VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM

UNREASONABLE SEARCHES AND SEIZURES

[As to POLICE OFFICER DEFENDANTS]

40. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

41. This action is brought pursuant to 42 U.S.C. §1983, and the Fourth Amendment of the United States Constitution.

42. At all times relevant hereto, PLAINTIFF possessed the right, guaranteed by the Fourth Amendment of the United States Constitution, to be free from unreasonable searches, seizures, and uses of force by police officers acting under the color of law.

43. As described above, POLICE OFFICER DEFENDANTS violated PLAINTIFF's Fourth Amendment rights by unlawfully and unreasonably detaining, handcuffing, and arresting him without reasonable suspicion or probable cause.

44. In doing these things, said defendants acted specifically with the intent to deprive PLAINTIFF of his constitutional rights under the Fourth Amendment to be free from unreasonable seizures.

45. Said defendants subjected PLAINTIFF to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of his rights under the U.S. Constitution.

46. Said defendants, acted at all times herein knowing full well that the established practices, customs, procedures and policies of the City of BUENA PARK Police Department would allow a cover-up and allow the continued violation of the Fourth Amendment of the Constitution of the United States.

47. As a direct and proximate result of the aforementioned acts of said defendants, PLAINTIFF suffered the violation of his constitutional rights as described above. As the further actual and proximate result of the acts and omissions of said defendants, as described herein, PLAINTIFF was made to lose his freedom and liberty for the period of time indicated above, this in violation of the Fourteenth Amendment's due process guarantees. During said attack and arrest PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

48. The aforementioned acts of said defendants were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendants.

VII.

*FOURTH COUNT/CAUSE OF ACTION*

FAILURE TO INTERVENE TO PREVENT CIVIL RIGHTS VIOLATIONS

[As to POLICE OFFICER DEFENDANTS]

49. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

50. This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment of the United States Constitution, for violation of PLAINTIFF's procedural and substantive due process rights.

51. At the time and place alleged herein, POLICE OFFICER DEFENDANTS were present at the immediate scene of the attack on PLAINTIIF and his arrest.

52. At said date and location, said defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted detention, search and arrest of PLAINTIFF.

53. At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the unlawful attack, detention, search and arrest of PLAINTIFF, and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the United States of America.

54. At said date and location, in deliberate indifference to PLAINTIFF's life, health and Constitutional rights, said defendants intentionally and with deliberate indifference to the civil rights of PLAINTIFF, refrained from intervening in said attack, detention and arrest.

55. As a result thereof, said defendants unlawfully seized, detained, searched and arrested PLAINTIFF and unlawfully and unjustifiably caused him to be prosecuted in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States of America.

56. Thereafter, said defendants were in the position and authority to lawfully intervene in and prevent the unjustified and unwarranted prosecution of PLAINTIFF and further failed to intervene to prevent the unlawful and malicious prosecution of PLAINTIFF.

57. As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFF was made to lose his freedom and liberty for the period stated above, this in violation of the Fourteenth Amendment's procedural and substantive due process guarantees. During said incarceration PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

58. The aforementioned acts of POLICE OFFICER DEFENDANTS were willful, wanton, malicious, oppressive and shocking to the conscience thereby justifying the awarding of exemplary and punitive damages as to said defendants.

//

//

VIII.

*FIFTH COUNT/CAUSE OF ACTION*

SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS OF PLAINTIFF'S

FOURTH AND FOURTEENTH AMENDMENT RIGHTS

[As to defendants LT. HOLLIDAY and DOES 4 through 5, Inclusive]

59. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

60. This action is brought pursuant to 42 U.S.C. §1983, for violation of PLAINTIFF's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

61. On the date of PLAINTIFF's arrest, defendants LT. HOLLIDAY and DOES 4 through 5, inclusive, learned and became aware of the arrest of PLAINTIFF by POLICE OFFICER DEFENDANTS.

62. Thereafter, defendants LT. HOLLIDAY and DOES 4 through 5, inclusive, conducted an investigation of the arrest by personally evaluating the evidence of the incident, by taking statements from the individuals involved.

63. Said defendants were aware of the customs, practices, and propensities of their subordinates - POLICE OFFICER DEFENDANTS - to conduct illegal and wrongful searches, to make false arrests, to employ excessive and unnecessary force, to file false police reports in violation of P.C. §118.1, to falsify evidence and to commit perjury to conceal this misconduct, and to unlawfully and without probable cause or suspicion detain, arrest and imprison persons; including the misconduct alleged in the present complaint. Said defendants tolerated, encouraged and expressly and impliedly

1    condoned this misconduct by consciously ignoring, turning a blind eye to and overlooking and

2    ratifying such misconduct.

3

4    64. Notwithstanding this knowledge, said defendants encouraged and facilitated such conduct and

5    deliberately and leniently overlooked and ratified the misconduct of POLICE OFFICER

6    DEFENDANTS by failing to discipline said officers, approving false and misleading police reports

7    authored by said officers, and failing to recommend the investigation and criminal prosecution of

8    said officers for their misconduct, and in the present instance failing to supervise and control

9
10   POLICE OFFICER DEFENDANTS so as to prevent the misconduct alleged herein and by failing

11   to train said subordinate officers in the procedures, laws and practices that would eliminate the risk

12   of the constitutional violations alleged herein.

13
14   65. By consciously and deliberately overlooking the repeated acts of misconduct and criminal acts

15   by their subordinate officers, including their subordinates POLICE OFFICER DEFENDANTS said

16   defendants established a custom and practice of condoning and ratifying such misconduct and

17   criminal activity, and established a tolerated pattern of constitutional violations amongst their

18   subordinate officers. The condoning of misconduct by said defendants was so comprehensive and

19   well-known that their subordinate officers were emboldened to blatantly violate the constitutional

20   rights of any persons the subordinate officers came into contact with while on duty and while off

21
22   duty to commit crimes such as false arrests, perjury, assaults and batteries with impunity.

23   66. Through their conscious disregard for the rights of the persons their subordinates would come in

24   contact with and through their custom and practice of encouraging, condoning, tolerating and

25   ratifying constitutional violations and criminal activity by their subordinates, said defendants were

26

27

28

1  deliberately indifferent to the constitutional violations being committed by their subordinates,

2  including POLICE OFFICER DEFENDANTS.

3

4  67. Based on the evaluation of the arrest and the evidence from the incident which underlies this

5  lawsuit, said defendants, as described above, and based on their knowledge of the prior misconduct

6  of the officers involved in the incident, said defendants concluded that the arrest of PLAINTIFF

7  was unjustified, that a conspiracy was in place and continuing between the police officers involved

8
   in the incident to conceal the wrongfulness of their conduct, and that discipline and criminal
9
   prosecution of the officers was called for. Notwithstanding this information and their conclusions,
10
11  said defendants ratified, condoned, approved and turned a blind eye to the misconduct of POLICE

12  OFFICER DEFENDANTS failing to discipline said officers and failing to recommend the

13  investigation and criminal prosecution of said officers.

14

15  68. Because of their failure to act to prevent the continuing constitutional violations by their

16  subordinates, and because of the establishment of the policies and practices described above as well

17  as their failure to adequately train their subordinates, said defendants are liable for the constitutional

18  violations committed by POLICE OFFICER DEFENDANTS and for the damages suffered by

19
   PLAINTIFF as described herein. As the actual and proximate result of the acts and omissions of
20
21  said defendants, PLAINTIFF was wrongfully and illegally charged and made to lose his freedom

22  and liberty for the duration of the period indicated above, this in violation of the Fourteenth

23  Amendment's due process guarantees.

24

25  69. As the actual and proximate result of the acts and omissions of said defendants as described

26  herein, PLAINTIFF was made to lose his freedom and liberty for the period stated above in

27  violation of the Fourteenth Amendment's procedural and substantive due process guarantees.

28

During said attack and arrest PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear.

70. The aforementioned acts of defendants LT. HOLLIDAY and DOES 4 through 5, inclusive were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to these defendants.

IX.

*SIXTH COUNT/CAUSE OF ACTION*

MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS

[As to CITY OF BUENA PARK, SUPERVISING OFFICER DEFENDANTS and DOE DEFENDANTS 6 THROUGH 10]

71. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

72. This action is brought pursuant to 42 U.S.C. §1983 for violation of PLAINTIFF's rights under the Fourth and Fourteenth Amendments.

73. On the date of PLAINTIFF's arrest indicated above POLICE OFFICER DEFENDANTS, acting within the course and scope of their duties as peace officers of the City of BUENA PARK, deprived PLAINTIFF of his rights to be free from unreasonable seizures and unlawful arrests as delineated herein above, and thereafter in violation of PLAINTIFF's due process rights proceeded to falsify evidence, submit false police reports and offer perjurious testimony so as to ensure that PLAINTIFF would be wrongfully convicted and sentenced.

74. At the time of these constitutional violations by Defendants CITY OF BUENA PARK, SUPERVISING OFFICER DEFENDANTS and DOE DEFENDANTS 3-10 had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments, to unlawfully arrest persons without probable cause, and specifically African-Americans as well as members of other minority groups.

75. Said policies, procedures, customs and practices also called for the City of BUENA PARK and its police department not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents and complaints of false arrests, falsification of evidence, the preparation of false police reports to justify such wrongful conduct, and the giving of false testimony in trial to cover-up and conceal such wrongful conduct by officers of the BUENA PARK Police Department.

76. Defendants CITY OF BUENA PARK, SUPERVISING OFFICER DEFENDANTS and DOE DEFENDANTS 6 THROUGH 10 were aware of and were deliberately indifferent to a pervasive and widespread pattern and practice with the BUENA PARK POLICE of concealing known instances of evidence planting, evidence tampering, perjury, falsified police reports, witness coercion, excessive force, on-duty criminal acts and on-duty acts of moral turpitude.

77. Said policies, procedures, customs and practices called for and led to the refusal of said Defendants to investigate complaints of previous incidents of false and unlawful arrests, the filing of false police reports to conceal such misconduct, the falsification evidence and perjury and, instead, officially claim that such incidents were justified and proper.

COMPLAINT AND JURY DEMAND

78. Said policies, procedures, customs and practices called for said Defendants, by means of inaction and cover-up, to encourage an atmosphere of lawlessness within the police department and to encourage their police officers to believe that improper arrest of residents of the CITY of BUENA PARK or persons present therein, including members of minority groups, the submission of false police reports, and the commission of perjury was permissible and to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

79. Said policies, procedures, customs and practices of said Defendants and each of them evidenced a deliberate indifference to the violations of the constitutional rights of PLAINTIFF. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by said Defendants and their subordinate policymakers of indistinguishably similar incidents of unjustified and unreasonable and unlawful arrests, falsification of evidence, evidence tampering, submission of false police reports and perjury.

80. Deliberate indifference to the civil rights of minority groups and other victims of the BUENA PARK POLICE's unlawful arrests, falsified evidence, false and misleading police reports and false and perjurious testimony was also evidenced by said Defendants by their ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations, similar to those alleged herein, arising from such misconduct and the related payment of judgments to such individuals.

81. Deliberate indifference is also evidenced by an absence of or by maintenance of an inadequate system of tort claims tracking, firearms discharges tracking, use-of-force tracking, and by maintaining an inadequate system of officer discipline and independent and objective investigation

by the City of BUENA PARK and its police department which failed to identify and investigate instances of false and unlawful arrests, falsification of evidence, submission of false police reports and perjury.

82. Deliberate indifference to the civil rights of minority groups and other victims of the BUENA PARK POLICE's unlawful arrests and falsified evidence was also evidenced by the failure of by said Defendants to adequately train and more closely supervise or retrain officers and/or discipline or recommend prosecution of those officers who in fact improperly used such weapons, falsified evidence, tampered with evidence, submitted false and misleading police reports, and/or committed perjury.

83. Other systemic deficiencies of said Defendants which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by the officers of the BUENA PARK Police Department include:

a. preparation of investigative reports designed to vindicate and/or justify false and unlawful arrests;

b. preparation of investigative reports which uncritically rely solely on the word of BUENA PARK POLICE officers involved in unlawful arrests and which systematically fail to credit testimony by non-officer witnesses;

c. preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

d. issuance of public statements exonerating officers involved in such incidents prior to the completion of investigations of wrongful arrests;

84. The foregoing acts, omissions, and systemic deficiencies are policies and customs of said Defendants and such caused, permitted and/or allowed under official sanction POLICE OFFICER DEFENDANTS to be unaware of, or intentionally overlook and ignore, the rules and laws governing the probable cause requirements for arrests, the falsification of evidence or the tampering with evidence, the submission of false police reports and the commission of perjury in criminal trials. The foregoing acts, omissions, and systemic deficiencies are policies and customs of said Defendants and such caused, permitted and/or allowed under official sanction said police officer Defendants to believe that arrests are entirely within the discretion of the officer and that improper and unlawful arrests, evidence falsification, filing of false and misleading police reports, and the commission of perjury would not be objectively, thoroughly and/or properly investigated, all with the foreseeable result that Defendants' officers would make false and unlawful arrests, and falsify evidence, submit false and misleading police reports, and commit perjury, and thereby violate the civil rights of the citizens of this state with whom said officers would come into contact with.

85. As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices, POLICE OFFICER DEFENDANTS unlawfully arrested PLAINTIFF, and developed and implemented a plan to falsely accuse him of resisting arrest, battery on police officers and battery on a police horse, and to secure his prosecution, conviction and imprisonment through the offering of false and misleading police reports and the presentation of falsified evidence and perjurious testimony.

86. As the actual and proximate result of the acts and omissions of said Defendants as described wherein, PLAINTIFF was made to lose his freedom and liberty for the period stated above in violation of the Fourteenth Amendment's procedural and substantive due process guarantees. During said attack and arrest, PLAINTIFF suffered personal and bodily injuries, and during said

1   time he suffered, and continues to suffer, severe emotional and psychological pain, suffering,

2   anxiety, depression, anguish, shock, and fear. Further, PLAINTIFF has been made to hire lawyers

3   to defend him and medical specialists for treatment and therapy for his injuries.

4

5   87. The aforementioned acts of SUPERVISING OFFICER DEFENDANTS and DOE

6   DEFENDANTS 6 THROUGH 10 were willful, wanton, malicious and oppressive thereby justifying

7   the awarding of exemplary and punitive damages as to these Defendants.

8

9                                              X.

10                          SEVENTH COUNT/CAUSE OF ACTION

11                                       NEGLIGENCE

12           [AS TO DEFENDANTS CITY OF BUENA PARK AND SUPERVISING OFFICER

13                                       DEFENDANTS]

14

15   88. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every

16   paragraph in above as though fully set forth herein.

17

18   89. Plaintiff invokes the supplemental jurisdiction of this Court to hear and determine this claim.

19

20   90. On the date of PLAINTIFF's arrest, and thereafter, POLICE OFFICER DEFENDANTS were

21   duty-bound by <u>Penal Code Section 118.1</u> not to author, accept or otherwise present, or ratify false or

22   misleading police reports and were duty-bound by the Fourteenth Amendment of the U.S.

23   Constitution to ensure Due Process.

24

25   91. PLAINTIFF is informed and believes, and thereon alleges, that on, about or after the date of

26   PLAINTIFF's arrest as indicated above, and thereafter, defendants DOES 4 through 5, inclusive, did

27   negligently, and in the absence of due care, approve the police reports of POLICE OFFICER

28

DEFENDANTS and thereby negligently and carelessly ratified the wrongful and unlawful arrest of PLAINTIFF by said defendants and thereby also authorized the bringing of charges against PLAINTIFF as well as his prosecution.

92. SUPERVISORY OFFICER DEFENDANTS were of the custom and practice of POLICE OFFICER DEFENDANTS of making arrests without probable cause, the authoring of false and misleading police reports, the use of excessive force by POLICE OFFICER DEFENDANTS and the giving of false and perjurious testimony.

93. Notwithstanding this knowledge, and in the absence of due care, SUPERVISORY OFFICER DEFENDANTS authorized the false police reports without questioning POLICE OFFICER DEFENDANTS as to the contents of the report and without further investigating the veracity of the statements contained therein. SUPERVISORY OFFICER DEFENDANTS knew or should have known that said report was false and misleading and that the supporting evidence was false, but failed to take any reasonable measures to reject the reports and to ensure that said reports were not forwarded to the District Attorney's office for prosecution.

94. Defendants CITY OF BUENA PARK, and SUPERVISORY OFFICER DEFENDANTS are directly liable and responsible for the acts of POLICE OFFICER DEFENDANTS because SUPERVISING OFFICER DEFENDANTS failed to adequately supervise, discipline or in any other way control said defendants' exercise of their authority as described herein.

95. Defendants CITY OF BUENA PARK and SUPERVISING OFFICER DEFENDANTS are directly liable and responsible for the acts of POLICE OFFICER DEFENDANTS because said defendant city and supervising officers repeatedly and knowingly and negligently failed to enforce the laws of the State of California and the regulations of said defendant City and its police

department regarding the making of arrests in compliance with the Fourth Amendment, the authoring of police reports which accurately and truthfully represent the facts of an incident, and the planting of evidence, and the giving of perjurious testimony, thereby creating within the said police department an atmosphere of lawlessness in which BUENA PARK POLICE officers would make false arrests, plant and manufacture evidence, author false reports, use excessive force, and give perjurious testimony, in the belief that such acts will be condoned and justified by their supervisors, and said defendant city and supervisors therefore were or should have been aware of such unlawful acts and practices prior to and at the time of the events alleged herein.

96. As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFF was made to lose his freedom and liberty for the period stated above. During said incarceration PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. As further proximately resulting from said defendants' misconduct.

97. Defendants CITY OF BUENA PARK and SUPERVISING OFFICER DEFENDANTS inclusive, also were negligent in failing to provide POLICE OFFICER DEFENDANTS the proper and special training necessary for the duties they could foreseeably be expected to perform in the course of their employment in that POLICE OFFICER DEFENDANTS received inadequate training in the correct and proper police tactics, arrest procedures, Fourth Amendment search and seizure requirements and report writing. As a direct and proximate result of this failure to provide adequate training to, the false arrest, charges and imprisonment of PLAINTIFF occurred, causing said plaintiff the losses and injuries herein complained of.

98. Defendants CITY OF BUENA PARK and SUPERVISING OFFICER DEFENDANTS also negligently hired and retained POLICE OFFICER DEFENDANTS when it was known or should have been known by defendants CITY OF BUENA PARK and SUPERVISING OFFICER DEFENDANTS that these officers had on prior occasions falsely accused suspects of committing crimes, authored and submitted false reports regarding said suspects, used excessive force on members of the community, and/or had participated in the concealment and cover-up of such police misconduct.

99. Further, said defendants failed to conduct adequate, thorough and meaningful background investigations of POLICE OFFICER DEFENDANTS which would have disclosed prior acts of misconduct and criminal activity and which would have revealed that said defendants were not suitable candidates for service as police officers.

100. As the actual and proximate result of the acts and omissions of said defendants as described herein, PLAINTIFF was made to lose his freedom and liberty for the period stated above. During said attack and arrest, PLAINTIFF suffered personal and bodily injuries, and during said time he suffered, and continues to suffer, severe emotional and psychological pain, suffering, anxiety, depression, anguish, shock, and fear. He lost wages during the time he spent incarcerated

101. Defendant CITY OF BUENA PARK is liable in respondeat superior pursuant to section 815.2 of the California Government Code for the acts of its employees, agents and representatives as alleged in this cause of action.

//

//

XI.

*EIGHTH COUNT/CAUSE OF ACTION*

*VIOLATION OF CIVIL CODE, SECTION 52.1*

[As to POLICE OFFICER DEFENDANTS]

102.   Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

103.   By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

      a.   The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

      b.   The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

      c.   The right to be free from the unreasonable use of deadly force as secured by the Fourth and Fourteenth Amendments;

      d.   The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

      e.   The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship and society with each other, as secured by the First, Fourth and Fourteenth Amendments;

      f.   The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

      g.   The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

      h.   The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

i.   The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

104.   As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant, Plaintiff is entitled to relief and punitive damages against POLICE OFFICER DEFENDANTS in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, and civil penalties.

XII.

*NINTH COUNT/CAUSE OF ACTION*

*ASSAULT AND BATTERY*

[As to POLICE OFFICER DEFENDANTS]

105.   Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

106.   The actions and omissions of POLICE OFFICER DEFENDANTS and City of BUENA PARK in as set forth above constitute assault and battery.

107.   As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth below and punitive damages against all Defendants in their individual capacities.

XIII.

*TENTH COUNT/CAUSE OF ACTION*

*VIOLATION OF CIVIL CODE, SECTION 51.7*

[As to POLICE OFFICER DEFENDANTS]

108.   Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

COMPLAINT AND JURY DEMAND

109.    By their acts, omissions, customs, and policies, POLICE OFFICER DEFENDANTS, and City of BUENA PARK, acting in concert/conspiracy, as described above, violated Plaintiff's rights secured by California Civil Code §51.7 to be free from any violence, or intimidation by threat of violence, committed against Plaintiff, because of the color of his skin.

110.    As a direct and proximate result of Defendants' violation of California Civil Code §51.7, Plaintiff sustained injuries and damages, and is entitled to relief  and all damages allowed by California Civil Code §§52, 51.7, and California law, not limited to attorney fees, costs, treble damages, and civil penalties.

111.    As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

  a.  Hospital and medical expenses;

  b.  Cost of Defending the wrongful charges;

  c.  Violation of constitutional rights;

  d.  All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

  e.  Plaintiff's conscious pain and suffering, pursuant to federal civil rights law;

1

*PRAYER*

2

3

WHEREFORE, PLAINTIFF BRIAN LAMAR LOVE demands the following relief, jointly and

4

severally, against the defendants named in each cause of action as follows:

5

6

a) Compensatory general and special damages in an amount in accordance with proof;

7

8

b) Exemplary damages, against each of the police officer, supervisory and policy maker defendants

9

- as spelled out in each cause of action, in an amount sufficient to deter and to make an example of

10

those defendants,

11

12

c) Reasonable attorneys' fees and expenses of litigation as provided for in 42 U.S.C. §1988;
California Civil Code §§52, 51.7 and 52.1.

13

d) Costs of suit necessarily incurred herein;

14

15

e) Prejudgment interest, and

16

f) Such further relief as the Court deems just or proper.

17

18

DATED: December 13, 2010                    CURD, GALINDO & SMITH, LLP

19

20

21                                                    /s/

22                                          ALEXIS GALINDO
                                            Attorneys for Plaintiff

23

24

25

26

27

28

COMPLAINT AND JURY DEMAND

1
2
## JURY DEMAND
3
Plaintiffs hereby request a trial by jury.
4
5
6
DATED: December ___, 2010
7
8
CURD, GALINDO & SMITH, LLP
9
10
/s/
ALEXIS GALINDO
Attorneys for Plaintiff
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1897 DOC (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** 312 N. Spring St., Rm. G-8 Los Angeles, CA 90012 | [X] **Southern Division** 411 West Fourth St., Rm. 1-053 Santa Ana, CA 92701-4516 | [ ] **Eastern Division** 3470 Twelfth St., Rm. 134 Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Brian Lamar Love

**PLAINTIFF(S)**

v.

CITY OF BUENA PARK, a public entity; POLICE OFFICER
R. PLUMLEE, individually; POLICE OFFICER T.
REYES; LT. S. HOLLIDAY, individually; POLICE
OFFICER S. LEPE, individually and DOES 1
through 10, Jointly and Severally  **DEFENDANT(S).**

CASE NUMBER

**SACV10 -1897 DOC (RNBx)**

**SUMMONS**

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within 21_____ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint
[ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer
or motion must be served on the plaintiff's attorney, _Alexis Galindo_____ , whose address is
301 E. Ocean Blvd., Ste 1700, Long Beach, CA  90802_____ . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint. You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: DEC 14 2010

**DODJIE LAGMAN**

By: _____

Deputy Clerk

*(Seal of the Court)*

[*Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)*].

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> BRIAN LAMAR LOVE | DEFENDANTS <br> CITY OF BUENA PARK, a public entity, POLICE OFFICER R. PLUMLEE, Individually, POLICE OFFICER T. REYES, LT. S. HOLLIDAY Individually, POLICE OFFICER S. LEPE, Individually |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> ALEXIS GALINDO (State Bar No. 136643) <br> CURD GALINDO & SMITH LLP 301 East Ocean Blvd., Suite 1700 <br> Long Beach, CA 90802   562-624-1177   fax 562-624-1178 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No          ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC 1983  Civil Rights

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☑ 440 Other Civil Rights <br> ☐ 465 Other Immigration Actions | | |

**SACV10 -1897 DOC (RNBx)**

FOR OFFICE USE ONLY:   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
<u>Note: In land condemnation cases, use the location of the tract of land involved</u>

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date 12/10/10

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |